VINCENT A. HARRINGTON, JR., Bar No. 071119
ANDREA LAIACONA, Bar No. 208742
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091
Telephone 510.337.1001
Fax 510.337.1023

Attorneys for Respondents

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD, | No.    CV 07-80170 HRL |
| Applicant, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ANSWER TO APPLICATION TO ENFORCE SUBPOENAS** |
| v. | |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 521, SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715, and KRISTY SERMERSHEIM, | Date:   August 14, 2007
Time:   10:00 a.m.
Judge:  Hon. Howard R. Lloyd
Courtroom:   2 |
| Respondents. | |

## I. INTRODUCTION

The National Labor Relations Board has radically overreached its authority to investigate simple bargaining charge filed by the staff union of SEIU Local 521. In trying to determine what course bargaining has taken, the Board has sought documents which are unrelated to the bargaining charge in a manner that is overburdensome and harassing. The information sought does not relate to the charge which was filed but is a fishing expedition into all of the financial, administrative and personnel matters of Local 521 and Local 715. The subpoenas seek information which is protected from disclosure by the privilege of employers and unions to formulate bargaining strategy without fear of disclosure to the other side. The subpoenas were not properly served, and therefore a

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

Memorandum in Support of Answer to Application to Enforce Subpoenas, Case No. CV 07 80170 HRL

petition to revoke was neither possible nor necessary.

SEIU Local 715 was a labor organization representing employees in Santa Clara and San Mateo Counties. Local 715's clerical staff was represented by Office and Professional Employees International Union Local 29 ("OPEIU" or "Local 29"), a labor organization. After an election by members of SEIU among public sector employees, the Service Employees International Union reorganized public sector locals into four regional locals. In this process, Local 715 was reorganized into SEIU Local 521. Local 521 took over representation of Local 715 members and became the employer of Local 715's staff, including employees represented by Local 29.[1] Local 29 is the recognized bargaining representative for clerical employees of Local 521. The parties are currently bargaining a collective bargaining agreement. In the course of the reorganization, Local 29 sought information, including privileged and confidential information about Local 715 and Local 521, allegedly for purpose of bargaining, but which has no germane purpose to bargaining other than to harass the Local Unions. Local 715 and Local 521 provided Local 29 with all information necessary to bargaining a contract but the Board now seeks to delve in to unrelated areas, using excessively broad subpoenas.

## II.  LEGAL ARGUMENT

**A.  THE COURT SHOULD DENY THE BOARD'S APPLICATION FOR AN ORDER REQUIRING OBEDIENCE TO SUBPOENA *DUCES TECUM* AND SUBPOENA *AD TESTIFICANDUM*.**

### 1.  The Information Sought By The Board Is Privileged From Disclosure.

The National Labor Relations Board has long recognized that unions and employers are protected from disclosing information about their bargaining strategies and historical bargaining information. In Boise Cascade, the NLRB revoked a subpoena directed at an employer seeking information regarding its bargaining, stating:

> A proper bargaining relationship between the parties mandates that Respondent be able to confidentially evaluate possible interpretations of the existing labor agreement and that it be able to plan in confidence a strategy for altering or changing its maintenance improvement program. I recognize that complete disclosure might help an arbitrator to reach a more just result,

---

[1] Local 521 also represents former members of SEIU Locals 415, 817, 535, and 700, and hired the former staff of those locals, as well.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 2 -

Memorandum in Support of Answer to Application to Enforce Subpoenas, Case No. CV 07 80170 HRL

> but at the same time it might well have a tendency to frustrate the overall
> purpose of collective bargaining between the parties. On this particular
> point, a balancing of the parties' interests must be weighed in favor of
> Respondent being allowed to withhold from the Union its historical
> overview of negotiations with the Union and its future negotiating strategy.
> Accordingly, any portion of Respondent's maintenance improvement report
> that relates to a historical overview of negotiations or of Respondent's
> negotiating strategy is information that it need not supply to the Union.

279 NLRB 422, 432 (1986). A parallel privilege has been recognized for unions. See Berbiglia, Inc., 233 NLRB 1476, 1495 (1977); Champ Corp., 291 NLRB 803, 817 (1988), enforced 933 F.2d 688 (9th Cir. 1990).

In the present case, these subpoenas seek information about Local 715 and Local 521's bargaining strategy, not merely information about their business operations.

### 2. The Subpoenas Are Burdensome and Overbroad, and Seek Information Not Relevant or Material to the Investigation.

Respondents are aware that the Court's scope of inquiry in proceedings where an agency seeks enforcement of a subpoena is narrow. *NLRB v. No. Bay Plumbing, Inc.*, 102 F.3d 1005, 1007 (9th Cir. 1996). The critical questions for the Court are:

> (1) whether Congress has granted the authority to investigate; (2) whether
> the procedural requirements have been followed; and (3) whether the
> evidence is relevant and material to the investigation.

*Id.* (quoting *E.E.O.C. v. Children's Hosp. Med. Ctr. of No. Cal.*, 719 F.2d 1426, 1428 (9th Cir. 1983) (en banc)). However, even if the agency can establish each of these three factors, the Court should *only* enforce the subpoena if the subpoena is not unreasonable, overbroad, or unduly burdensome. *See No. Bay Plumbing*, 102 F.3d at 1007.

The subpoenas at issue in this case are clearly unreasonable, overbroad and unduly burdensome. They seek information which is not relevant or material to the investigation of the underlying charges.

### III. CONCLUSION

The NLRB's Application should be denied because its subpoenas are unreasonable, unduly burdensome, and the NLRB has no authority to force a citizen to give testimony under oath. For all of the foregoing reasons, Respondents' respectfully request that the Court deny the NLRB's

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 3 -

Memorandum in Support of Answer to Application to Enforce Subpoenas, Case No. CV 07 80170 HRL

1  Application.

Dated: July 19, 2007

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: /s/ VINCENT A. HARRINGTON, JR.
VINCENT A. HARRINGTON, JR.
ANDREA LAIACONA
Attorneys for Respondents

116411/463593

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 4 -
Memorandum in Support of Answer to Application to Enforce Subpoenas, Case No. CV 07 80170 HRL