WILLIAM A. BAUDLER
GEORGE VELASTEGUI (California Bar No. 107847)
AMY L. BERBOWER (California Bar No. 197533)
National Labor Relations Board, Region 32
1301 Clay St., Suite 300N
Oakland, CA 94612-5224
Phone: 510-637-3321
Fax: 510-637-3315
E-mail: Amy.Berbower@nlrb.gov

Attorneys for the Applicant

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD<br><br>Applicant,<br><br>v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 521, SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 and KRISTY SERMERSHEIM<br><br>Respondents. | Case No.: 5:07-mc-80170-JF HRL<br><br>APPLICANT'S REPLY TO RESPONDENTS' ANSWER TO APPLICATION FOR SUBPOENA ENFORCEMENT<br><br>Date: August 14, 2007<br>Time: 10:00 a.m.<br>Judge: Hon. Howard R. Lloyd<br>Courtroom: 2 |

### I. Introduction

This proceeding is before the Court on an Application for an Order Requiring Obedience to *Subpoenas Duces Tecum* and *Subpoenas Ad Testificandum* issued by the National Labor Relations Board, hereinafter called the Board, pursuant to the provisions of Section 11(2) of the National Labor Relations Act, as amended, hereinafter called the Act. Respondents Service Employees International Union, Local 521, Service Employees International Union, Local 715

and Kristy Sermersheim, hereinafter called Respondents, filed an Answer to the Application and a Memorandum of Points and Authorities in support of its Answer on July 23, 2007. Applicant hereby files this Reply to Respondents' Answer and supporting Memorandum.

Respondents oppose the Board's Application and argue that the Court should not enforce the subpoenas because: (1) the subpoenas are burdensome, overbroad and/or seek information that is irrelevant, immaterial and/or privileged; (2) the subpoenas were issued solely to harass Respondents; and, (3) the National Labor Relations Act, which the Board is seeking to enforce with this action, is an unconstitutional violation of the First Amendment and Fourteenth Amendment rights of Respondents' members. As detailed below, none of these arguments have merit.

## II. Respondents Have No Justification For Failing To Comply With the Board's Subpoenas and the Subpoenas Should be Enforced

Congress has granted the Board, as part of its broad investigatory powers under Section 11(1) of the Act, the authority to issue investigative subpoenas in aid of pre-complaint investigations related to unfair labor practices and district courts should enforce the Board's subpoenas if statutory procedures are observed, and the information sought is relevant to an investigation being conducted by the Board and is described with sufficient particularity.[1] The Board has observed all statutory procedures in issuing the subpoenas and, as detailed in the Board's Application, the Regional Director has determined that investigatory subpoenas are needed in order to obtain sufficient information to execute the Board's duties to investigate and

---

[1] See *NLRB v. North Bay Plumbing, Inc.*, 102 F.3d 1005, 1007-08 (9th Cir. 1996); *NLRB v. Frazier*, 966 F.2d 812, 815 (3d Cir. 1992) (citing *United States v. Powell*, 379 U.S. 48, 57-58, 85 (1964)); *NLRB v. International Medication Systems*, 640 F.2d 1110, 1114 (9th Cir. 1981), cert. denied, 455 U.S. 1017 (1982); *NLRB v. Dutch Boy, Inc.*, 606 F.2d 929, 932 (10th Cir. 1979).

resolve the alleged unfair labor practices now pending before the Board. Respondents failed to file petitions to revoke those subpoenas with the Board and simply refused to appear or comply with the subpoenas. Respondents' disagreement with the Regional Director's determination that the investigatory subpoenas issued in this matter are necessary and proper for a full and complete investigation of the unfair labor practice charges is not a valid basis for refusing to comply with those subpoenas and, as detailed below, the blanket, unsupported objections set forth in Respondent's opposition offer no legal grounds to deny enforcement of the Board's subpoenas.

(a) <u>Respondents have failed to establish that the subpoenas are burdensome, overbroad and/or seek information which is irrelevant, immaterial or privileged</u>

Respondents object very generally to the subpoenas on the grounds that they are overbroad, vague, oppressive, burdensome, and unintelligible, and seek information that is irrelevant, immaterial and/or privileged. As an initial matter, Respondents should be estopped from questioning the validity of the subpoena or the relevancy of the evidence requested during this proceeding because they have failed to exhaust the administrative remedy of petitioning the Board to revoke the subpoenas at issue herein.[2] In their opposition, Respondents spuriously claim that the subpoenas were not properly served and "therefore a petition to revoke was neither possible nor necessary." However, Respondents have proffered no evidence to support its claim. In fact, the subpoenas at issue herein were properly served via certified mail to each of the Respondents with a courtesy copy sent via facsimile to Respondents' counsel. The signed returned receipts documenting service upon Respondents are attached to the Application as

---

2    See *NLRB v. Frederick Cowan*, 522 F.2d 26, 28 (2nd Cir. 1975). See also *Maurice v. NLRB*, 791 F.2d 182, 183 (4th Cir. 1982), *American Motors v. FTC*, 601 F.2d 1329, 1332-37 (6th Cir. 1979); *EEOC v. City of Milwaukee*, 919 F.Supp. 1247, 1255 (E.D.Wisc. 1996); *EEOC v. Roadway Express. Inc.*, 569 F.Supp. 1526, 1528 (N.D.Ind. 1983). Cf. *EEOC v. Lutheran Social Services*, 186 F.3d 959 (D.C. Cir. 1999).

Exhibits 5(a)-(c) and, as noted in the Application, Section 11(4) of the Act explicitly provides for service by certified mail.

Nevertheless, even if the Court were to consider Respondents' claims, Respondents have failed to identify with particularity a single subpoena request that it claims is overbroad, vague, unintelligible or irrelevant, and it has likewise failed to specify how production of any of the requested information would be overly burdensome or oppressive or result in the disclosure of otherwise privileged information. As such, Respondents' objections are clearly without merit and should be summarily rejected.

Sec. 11(1) of the Act grants the Board broad investigatory authority, including the power to subpoena any evidence "that relates to *any* matter under investigation or in question." 29 U.S.C. §161(1); *See NLRB v. Interstate Material Corp.*, 93056 F.2d 4, 6 (7th Cir. 1991). The relevancy standard is liberally construed and Courts have remarked that subpoenaed information that touches or relates to a matter under investigation is relevant[3] and that information is relevant if it is "not plainly incompetent or irrelevant to any lawful purpose."[4] The information sought by the subpoenas clearly relates to a matter under investigation, namely whether Respondents were obligated to recognize Local 29 immediately following the Reorganization and whether they were legally bound to Local 29's collective bargaining agreement. As such, the subpoenas are a proper application of the broad investigatory authority granted to the Board in Section 11(1) of the Act. Moreover and contrary to Respondents' general and unsupported assertions, the

---

3   See *NLRB v. Q-T Shoe Manufacturing Co.*, 409 F.2d 1247, 1253 (3d Cir. 1969); See Also *Goodyear Tire & Rubber Co. v. NLRB*, 122 F.2d 450, 452-53 (6th Cir. 1941); *NLRB v. G.H.R. Energy Corp.*, 707 F.2d 304, 313 (5th Cir. 1982); *NLRB v. Rohlen*, 385 F.2d 52, 56 (7th Cir. 1967); *NLRB v. Dutch Boy, Inc.*, 606 F.2d 929, 930 (10th Cir. 1979).

4   *EEOC v. Children's Hospital*, 719 F.2d 1426, 1429 (9th Cir. 1983) (en banc) (quoting *Endicott Johnson Corp. v. Perkins*, 317 U.S. 501, 509 (1943)); See Also *NLRB v. Frederick Cowan & Co., Inc.*, 522 F.2d 26, 28 (2d Cir. 1975).

information subpoenaed is narrowly tailored to obtain specific information concerning how the Reorganization was implemented; whether Respondent Local 715 continued to exist following the Reorganization, and, if so, which assets, staff and managers were retained by Respondent Local 715 and which were transferred to Respondent Local 521; and whether the transfer of assets, clients, staff and managers to Respondent Local 521 resulted in successorship or single, joint or alter-ego status and legally obligated Respondent Local 521 to recognize Local 29 and adhere to Local 29's contractual terms.

In their Answer and supporting Memorandum, Respondents suggest that the information sought is no longer relevant because Local 521 has subsequently recognized Local 29 and the parties are currently bargaining for an initial contract. However, the fact that Respondent Local 521 recognized Local 29 in or about March 23, 2007 does not resolve or render moot the underlying alleged unfair labor practices. The pending unfair labor practice charges against Respondents were not withdrawn as part of Respondent Local 521's agreement to recognize Local 29, and, if these allegations are proved to be meritorious, Respondent Local 521 may be required to re-recognize Local 29 in its historical bargaining units and restore their employees' the terms and conditions of employment to the terms established under Local 29's collective bargaining agreement.

Equally without merit is Respondents' claim that the Board's subpoenas seek information that is privileged from disclosure because the information involves bargaining strategies or historical bargaining information. In making this claim, Respondents completely misrepresent the allegations of Local 29's unfair labor practice charges in their assertion that the investigation involves a "simple bargaining charge." In fact, the charges involve extremely serious unfair labor practice allegations that Local 715 unlawfully withdrew recognition from Local 29 and that

Local 521 unlawfully refused to recognize Local 29. As noted above, the parties' subsequent negotiations are irrelevant to the Board's inquiry into whether Respondent Local 521 was obligated to recognize Local 29 immediately upon implementing the Reorganization under the previously established terms and conditions of employment, and it is totally unclear how information relating to the operations and inter-relationship of Local 715 and Local 521 involves either "bargaining strategies" or historical bargaining information. Moreover, even if the subpoenas were to incidentally require the disclosure of information that might reflect upon Respondents' current bargaining strategies or bargaining history, Respondents do not explain how disclosure of such information *to the Board* could jeopardize negotiations between Respondents and Local 29. Indeed, the cases relied upon by Respondents in this regard all involve disclosure of bargaining-related information to employers; those cases, and the policy reasons favoring protecting confidentiality in those cases, do not apply to a situation where it is the Board that is seeking information.

Respondents' unsupported claims that the Board's subpoenas are overbroad or would require undue burden are also without merit. As the party resisting compliance, Respondents bear the burden to demonstrate that compliance would require undue burden. *See FDIC v. Garner*, 126 F.3d 1138, 1145 (9th Cir. 1997) (citing *United States v. Stuart*, 489 U.S. 353, 360 (1989)). Respondents fail to articulate a single request that is burdensome and have clearly failed to meet that burden. Because most subpoenaed parties will claim that preparing and presenting subpoenaed documents creates a burden, the Courts have established that this burden "is not easily met." *Maryland Cup Corp.*, 785 F.2d 471, 477 (4th Cir. 1986), *cert. denied*, 479

U.S. 815 (1986).[5] Indeed, the courts have made clear that "[s]ome burden on subpoenaed parties is to be expected and is necessary in the furtherance of the agency's legitimate inquiry and the public interest.... The question is whether the demand is *unduly* burdensome or *unreasonably* broad." *FTC v. Texaco,* 555 F.2d 862, 882 (D.C. Cir. 1977), *cert. denied,* 431 U.S. 974 (1977) (emphasis in the original). To demonstrate undue burden, the subpoenaed parties must show that compliance with the subpoena "would seriously disrupt its normal business operations." *EEOC v. Maryland Cup Corp.,* 785 F.2d 471, 477 (4th Cir. 1986), *cert. denied,* 479 U.S. 815 (1986).[6] Contrary to Respondents' general claims, the Board's subpoenas seek documents and information that is basic to Respondents' business operations, i.e. who comprises its staff, locations where it maintains offices, what equipment they operates with and how Respondent Local 715 is related to Respondent Local 521 immediately following the Reorganization. As such, the information requested should be readily available and easily producible, and this is particularly so because the Reorganization was implemented only recently and the information regarding how Respondents were affected by the Reorganization concerns recent developments related to the Reorganization.

(b) <u>The Board's Subpoenas were issued within the lawful exercise of its duties and were not issued to harass Respondents</u>

Respondents contend that the subpoenas should not be enforced because they were issued for the improper purpose of harassing Respondents. While the Board cannot issue a subpoena for a purpose not within the lawful exercise of its duties, such as harassment, the burden of

---

5   See also *North Bay Plumbing, Inc.,* 102 F.3d 1005, 1008 (9th Cir. 1996); *Interstate Dress Carriers,* 610 F.2d 99, 112 (3d Cir. 1979) ("[T]he burden on the party to whom the subpoena is addressed is not a meager one").

6   See also *Valley Industrial Services, Inc. v. EEOC,* 570 F. Supp. 902, 907 (N.D. Cal. 1983) (disruption of business operations is the appropriate standard, since "[e]very employer investigated ... may feel that compliance [with a subpoena] is burdensome").

showing the improper purpose is upon Respondents. *See United States v. Powell*, 379 U.S. 48, 58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964); *NLRB v. Dutch Boy, Inc.* 606 F.2d 929, 933 (10th Cir. 1979); *see also NLRB v. Frazier*, 966 F.2d 812, 819 (3d Cir. 1992). Respondents have presented no evidence to support this contention and have clearly failed to meet their burden. To the contrary, as detailed above, the Board's subpoenas were issued for the lawful purpose of investigating the alleged unfair labor practices currently pending before the Board. Accordingly, Respondents' claim of harassment should be summarily rejected.

(c) <u>Enforcement of the Board's Subpoenas is Constitutional</u>

Respondents' also claim that they should not be required to comply with the Board's subpoenas because the National Labor Relations Act, which authorizes the Board to issue the subpoenas at issue herein, is an unconstitutional violation of the First Amendment and Fourteenth Amendment rights of Respondents' members. This is a frivolous and wholly unsupported claim. The constitutionality of provisions for the issuance and enforcement of subpoenas on behalf of Federal regulatory agencies has long since been affirmatively decided by the United States Supreme Court.[7] Indeed, the orderly operation of the Act requires that the Board have authority to issue subpoenas as a necessary incident of the power to investigate and prosecute alleged unfair labor practices, and the enforcement of subpoenas by the Federal district courts is a necessary ancillary procedure to insure the authority of the Board to effectuate the

---

[7]    Section 11(2) of the Act, pursuant to which this application is before the Court, was passed by Congress in 1935 and patterned after similar provisions in the Interstate Commerce Act, the Federal Trade Commission Act, and the enabling acts of other Federal regulatory agencies. See comparison of S. 2926 and S. 1958 (74th Congress), March 11, 1935, Legislative History of the National Labor Relations Act, 1935 (G.P.O. 1949) 1368. The intent of Congress to confer such authority is clear (see S.R. No. 573, 74th Cong., 1st Session; sec. 6(c) of the Administrative Procedure Act, 5 U.S.C. §556(c)) and the courts have long upheld the power of administrative agencies to issue subpoenas. See *Oklahoma Press Pub. Co. v. Walling*, 327 U.S. 186, 208-211 (1946); *United States v. Bryan*, 339 U.S. 323 (1950).

purposes of the Act as intended by Congress.[8] Thus, the issuance and enforcement of the Board's subpoenas is constitutional and wholly appropriate in these circumstances.

### III. Conclusion

For the reasons set forth above, the Board respectfully requests that this Court grant the Board's Application and order Respondents to comply with the Board's investigatory subpoenas.

DATED AT Oakland, California, this 30th day of July 2007.

                                        Respectfully submitted,

                                        WILLIAM A. BAUDLER
                                        Regional Attorney

                                        GEORGE VELASTEGUI
                                        Deputy Regional Attorney

                                        */s/ Amy Berbower*
                                        AMY L. BERBOWER
                                        Attorneys for Applicant

---

[8] *NLRB v. Alaska Pulp Corporation*, 149 LRRM 2682 (D.C.C 1995); *NLRB v. Barnes*, 178 F. 2nd 156 (7th Cir. 1949).

## PROOF OF SERVICE

I am a citizen of the United States and a resident of the State of California. I am over the age of eighteen years, my business address is 1301 Clay Street, Suite 300N, Oakland, California 94612-5211. On July 30, 2007, I served Respondents in the action with the accompanying APPLICANT'S REPLY TO RESPONDENTS' ANSWER TO APPLICATION FOR SUBPOENA ENFORCEMENT, by placing a true and exact copy thereof, enclosed in a sealed envelopes addressed as follows:

**Via U.S. MAIL**

SEIU, Local 521
2302 Zanker Road
San Jose, CA 95131

Kristy Sermersheim
SEIU, Local 521/SEIU, Local 715
2302 Zanker Road
San Jose, CA 95131

SEIU, Local 715
2302 Zanker Road
San Jose, CA 95131

Vincent Harrington
Andrea Laiacona
Weinberg, Roger & Rosenfeld
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091

Barbara J. Chisholm
Altshuler Berzon, LLP
177 Post Street, Suite 300
San Francisco, CA 94108

I certify that the above is true and correct. Executed at Oakland, California, this 30th day of July, 2007.

*[signature]*

Amy L. Berbower